**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| ALAN J. GOLDSTEIN<br>702 Gist Avenue<br>Silver Spring, MD 20910<br><br>　　　　Plaintiff,<br>　v.<br><br>METROPOLITAN REGIONAL<br>INFORMATION SYSTEMS, INC.,<br>9707 Key West Ave., Suite 200<br>Rockville, MD 20850-3915<br><br>JOHN DOES<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Alan J. Goldstein ("Plaintiff") hereby alleges as follows:

**I.
PARTIES**

1.　　Plaintiff is a citizen of the United States residing in Maryland with a principal place of business at 702 Gist Avenue, Silver Spring, MD 20910.

2.　　Defendant, Metropolitan Regional Information Systems, Inc. ("MRIS"), is a Delaware corporation that conducts business in this district and has a principal place of business at 9707 Key West Avenue, Suite 200, Rockville, Maryland 20850-3915.

3.　　Upon information and belief, Defendants John and Jane Does 1 through 100 (the "Individual Defendants") are individuals whose names and addresses are unknown.

1

4. Upon information and belief, Defendants John Doe Corporations 1 through 10 (the "Corporate Defendants") are corporations, the names and addresses of which are unknown.

5. Upon information and belief, Defendants Other John Doe Entities 1 through 10 (the "Other Entity Defendants") are other legal entities, the names and addresses of which are unknown. MRIS, the Individual Defendants, Corporate Defendants, and Other Entity Defendants are collectively referred to as the Defendants.

## II.
## JURISDICTION

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq., and seeking damages and injunctive relief for violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1200, et seq..

7. This Court has subject matter jurisdiction over this copyright action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b)**.**

8. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Maryland and in this judicial district, the acts of infringement complained of herein occurred in the State of Maryland and in this judicial district, and Defendants have caused injury to Plaintiff and his intellectual property within the State of Maryland and in this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

# III.
# FACTUAL BACKGROUND

A.     **Plaintiff and his Copyright**

10.    Plaintiff is a professional photographer with an office in Silver Spring, Maryland.

11.    Plaintiff graduated in 1974 from the Rochester Institute of Technology with a B.S. in Professional Photography.   He has been a commercial photographer for more than 35 years. For much of that time, he has worked primarily on assignment for advertising agencies and builders.

12.    Plaintiff has been a member of the American Society of Media Photographers (ASMP) and American Photographic Artists (APA).  He also has served as president of the Mid Atlantic Chapter of ASMP and as a national director.  In addition, Plaintiff has lectured on photography to numerous groups over the years and taught at Boston University's Center for Digital Imaging Arts.

13.    One of Plaintiff's works is the following photograph of the Silver Spring Metro station located in Silver Spring, Maryland ("the Photograph"):



14. The Photograph was taken by Plaintiff in 2007, and is registered with the United States Copyright Office under Reg. No. VAu 991-271 entitled "6418 digital photographs for copyright registration 3-2-09" ("the Copyright Registration"; copy of certificate attached as Exhibit 1 and incorporated herein).

15. The Photograph is among many featured in the gallery entitled "Washington DC and mid-Atlantic region" on Plaintiff's website at goldsteinphoto.com. Attached is a printout of the image as it appears on the site (Exhibit 2, incorporated herein).

16. At this time and at all times pertinent to this Complaint, affixed to the image as found on Plaintiff's website at goldsteinphoto.com has been a watermarked copyright notice ("the Notice").

17. Plaintiff has not licensed any person to use the Photograph for any purpose.

**B.   Defendant MRIS**

18. Defendant MRIS operates an online multiple listing service ("MLS") in which it compiles property listings and related informational content (the "MRIS Database"). On information and belief, MRIS offers this service to real estate broker and agent subscribers in Maryland, Virginia, the District of Columbia, and parts of Delaware, West Virginia, and Pennsylvania.

19. On information and belief, upon payment of a subscription fee to MRIS and assent to terms, subscribers have upload their real estate listings to the MRIS Database and have agreed to assign to MRIS the copyright in each photograph included in those listings.

20. On information and belief, at some point prior to May 2014, MRIS, an agent of MRIS, a subscriber to the MRIS Database, or an agent of a subscriber to the MRIS Database downloaded the Photograph from the Plaintiff's website at goldsteinphoto.com without the knowledge, authorization, consent or approval of Plaintiff.

21.     On information and belief, at some point prior to May 2014, MRIS, an agent of MRIS, a subscriber to the MRIS Database, or an agent of a subscriber to the MRIS Database uploaded the Photograph to the MRIS Database without the knowledge, authorization, consent or approval of Plaintiff.

22.     At some point subsequent to the uploading of the Photograph to the MRIS Database, MRIS added or caused to be added a copyright notice alleging ownership by MRIS of the copyright in the Photograph.  The Photograph has been displayed by MRIS bearing the MRIS Copyright notice for at least the years 2013, 2014, and 2015. The following is the Photograph as reproduced in the MRIS Database with the added notice:



23.     The Photograph appeared in, among other things, a slide show that had been available on the website of MRIS at the following web address http://slideshow.mris.com/slideshow/slideshow.htm?ListingKey=98356398553  (printout of the page attached at Exhibit 3, incorporated herein).

24.     Since it was uploaded to the MRIS Database, MRIS has caused or allowed the Photograph or copies thereof to be reproduced in, displayed on, and distributed to websites for

many other companies and individuals in the real estate field, including sites for companies such as Long & Foster, Keller Williams and Weichert (printouts of examples attached as Exhibit 4, incorporated herein) and sites that appear to be associated with individual real estate agents (printouts of examples attached as Exhibit 5, incorporated herein).

25.     Since it initially was uploaded to the MRIS Database, the Photograph has been uploaded additional times to the MRIS Database as part of slideshows for numerous properties for sale in or near Silver Spring, Maryland, and MRIS again has caused or allowed the Photograph or copies thereof to be reproduced in, displayed on, and distributed to websites for many other companies and individuals in the real estate field.

26.     Plaintiff's rights in the Photograph under Section 106 of the federal copyright law include the following exclusive rights: to reproduce the Photograph; to prepare derivative works based on the Photograph; to distribute copies of the Photograph to the public; and to display the Photograph.  17 U.S.C. § 106.

27.     On information and belief, all or most infringing acts by Defendants occurred after Plaintiff had obtained the Copyright Registration.

28.     On information and belief, MRIS has obtained at least one copyright registration for a version of the MRIS Database that includes the Photograph.

29.     In addition to the use by MRIS on its own website, the Photograph bearing the false or altered copyright management information has been distributed by MRIS to, and reproduced and displayed in, the real estate-related websites of many of what presumably are subscribers of MRIS. These subscribers in turn have displayed, distributed, and/or otherwise used the Photograph with members of the public in connection with real estate marketing.

30.     Plaintiff, through counsel, provided actual notice of the acts complained of herein to MRIS by letter dated August 11, 2014 to Mr. David Charron, President and CEO of MRIS

(copy attached without Exhibits as Exhibit 6, incorporated herein). Despite this actual notice, the acts complained of herein have continued to the present.

### FIRST CLAIM
### COPYRIGHT INFRINGEMENT
(17 U.S.C. § 101 et seq.)

31. Plaintiff incorporates by reference ¶¶ 1-30 above as if fully set forth herein.

32. The Copyright Registration issued from an application submitted to the Copyright Office on or about March 18, 2009, which was prior to Plaintiff's knowledge of the infringements set forth herein.

33. By the actions alleged above, Defendants have willfully infringed and continue to infringe Plaintiff's copyright in the Photograph by reproduction, display, distribution, licensing, and/or sale without his permission or authorization.

34. Defendants knew or should have known of Plaintiff's rights in and to the Photograph, and have willfully and intentionally infringed his exclusive rights in the Photograph under 17 U.S.C. § 106, in violation of 17 U.S.C. § 501.

35. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has incurred and continues to incur damages in an amount unknown at present and to be determined at trial.

36. In the alternative and at his election, Plaintiff is entitled to seek statutory damages for the acts of willful infringement by Defendant for a work by Plaintiff in an amount of up to $150,000 per infringement.

37. Plaintiff has suffered and is continuing to suffer irreparable injury from the Defendants' conduct as alleged, and Plaintiff has no adequate remedy at law to protect his rights in the Photograph and to prevent Defendants from continuing their infringement and their injury to Plaintiff.

38. As a direct and proximate result of the copyright infringements detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendants from infringing his copyright in the Photograph.

39. Plaintiff is entitled to recover his legal fees and costs. 17 U.S.C. § 505.

**SECOND CLAIM**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**INDUCEMENT OF COPYRIGHT INFRINGEMENT**
**VICARIOUS COPYRIGHT INFRINGEMENT**
(17 U.S.C. § 101 et seq.)

40. Plaintiff incorporates by reference ¶¶ 1-30 above as if fully set forth herein.

41. By the actions alleged above, MRIS has encouraged, assisted, induced, caused, facilitated, and/or materially contributed to numerous actual copyright infringements of the Photograph by other Defendants in violation of 17 U.S.C. §§ 106 and 501.

42. MRIS knew or had reason to know of the Plaintiff's copyright in the Photograph.

43. The infringements of the Photograph that MRIS has encouraged, assisted, induced, caused, facilitated, and/or materially contributed to through the conduct described herein were without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

44. MRIS has promoted, facilitated, and enabled third parties ("Infringing Third Parties"), including other Defendants, to copy, display and distribute the Photograph.

45. The Infringing Third Parties have licensed uses of the Photograph from MRIS, and copied, distributed, and/or displayed the Photograph without Plaintiff's authorization, thereby infringing Plaintiff's copyrights.

46. MRIS induced and/or materially contributed to Infringing Third Parties' copyright infringement.

47. MRIS benefits financially from the fees paid by its subscribers, including Infringing Third Parties. MRIS and its subscribers benefit from the robustness of the MRIS Database, including the inclusion of copious and desirable images in connection with real estate properties.

48. On information and belief, MRIS has the power and ability to monitor and control images uploaded by subscribers to the MRIS Database.

49. MRIS is liable for the acts of infringement that result from the Infringing Third Parties' use of the Photograph.

50. The foregoing acts by MRIS have been willful, intentional, purposeful, and with indifference to Plaintiff's rights under the Copyright Act.

51. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has incurred and continues to incur damages in an amount unknown at present and to be determined at trial.

52. In the alternative and at his election, for a work by Plaintiff, Plaintiff is entitled to seek statutory damages for the acts of willful infringement to which MRIS has contributed in an amount of up to $150,000 per infringement.

53. Plaintiff has suffered and is continuing to suffer irreparable injury from the conduct of MRIS as alleged, and Plaintiff has no adequate remedy at law to protect his rights in the Photograph and to prevent MRIS from continuing its contributory infringement and its injury to Plaintiff.

54. As a direct and proximate result of the copyright infringements detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining MRIS from infringing his copyright in the Photograph.

55. Plaintiff is entitled to recover his legal fees and costs.  17 U.S.C. § 505.

## THIRD CLAIM
## VIOLATION OF THE DMCA
(17 U.S.C. § 1202(a))

56. Plaintiff incorporates by reference ¶¶ 1-30 above as if fully set forth herein.

57. MRIS, without the authorization of Plaintiff, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information in connection with the Photograph that is false, in violation of 17 U.S.C. § 1202(a)(1).

58. MRIS, without the authorization of Plaintiff, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, distributed copyright management information in connection with the Photograph that is false, in violation of 17 U.S.C. §1202(a)(2).

59. The provision of MRIS of false copyright management information in connection with the Photograph and subsequent distribution of the Photograph, as alleged above, was and is willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under the Copyright Law, and in disregard of those rights.

60. Plaintiff is entitled to recover his actual damages suffered as a result of the violations and any profits of MRIS attributable to the violations and not taken into account in computing actual damages.

61. In the alternative and at his election, Plaintiff is entitled to seek statutory damages of up to $25,000 for each unauthorized act of reproduction, distribution, or display of the Photograph with the false copyright management information pursuant to 17 U.S.C. § 1203(c). On information and belief, the number of unauthorized acts of reproduction, distribution or display of the Photograph with false copyright management information totals about 100; the actual number is unknown at present and to be determined at trial.

62. Plaintiff is entitled to recover costs and attorney's fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

63. Defendants' violations of 17 U.S.C. § 1202(a)(1) and (2) have caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b)(1), Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from such further violations.

## FOURTH CLAIM
## VIOLATION OF THE DMCA
(17 U.S.C. § 1202(b))

64. Plaintiff incorporates by reference ¶¶ 1-30 above as if fully set forth herein.

65. MRIS, without the authorization of Plaintiff, intentionally altered and has caused and induced others to alter copyright management information from the Photograph and thereafter distributed the Photograph having reasonable grounds to know that such acts will induce, enable, facilitate or conceal an infringement of copyright, in violation of 17 U.S.C. § 1202(b)(1) and (3).

66. The alteration of copyright management information from the Photograph by MRIS and subsequent distribution of the Photograph by MRIS, as alleged above, was and is willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under the Copyright Law, and in disregard of those rights.

67. Plaintiff is entitled to recover his actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages.

68. In the alternative and at his election, Plaintiff is entitled to seek statutory damages of up to $25,000 for each unauthorized act of reproduction, distribution, or display of the Photograph with altered copyright management information pursuant to 17 U.S.C. § 1203(c).

On information and belief, the number of unauthorized acts of reproduction, distribution or display of the Photograph with altered copyright management information totals about 100; the actual number is unknown at present and to be determined at trial.

69. Plaintiff is entitled to recover costs and attorney's fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

70. Defendants' violations of 17 U.S.C. § 1202(b)(1) and (3) have caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b)(1), Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from such further violations.

## FIFTH CLAIM
## FALSE OR MISLEADING REPRESENTATION OF FACT
(15 U.S.C. § 1125(a)(1))

71. Plaintiff incorporates by reference ¶¶ 1-30 above as if fully set forth herein.

72. Plaintiff's claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), for misattribution or a false or misleading representation of fact which deceives as to a relationship, sponsorship, or approval.

73. The placement by MRIS of its own copyright notice on the Photograph constitutes an act of misattribution in violation of Section 43(a).

74. The placement by MRIS of its own copyright notice on the Photograph constitutes a false description and misrepresentation that the Photograph is sponsored or approved by MRIS, or that MRIS received authorization from Plaintiff to act as his agent for the licensing of the Photograph, or that Plaintiff served as an employee or agent of MRIS.

75. Said acts are in violation of 15 U.S.C. § 1125(a) in that MRIS is using false or misleading attribution of fact, which is likely to cause confusion or to deceive as to affiliation,

connection, or association as to sponsorship or approval and has caused this wrongful Photograph to enter into or affect interstate commerce.

76. Plaintiff believes that he has been and is likely to continue to be damaged by such false attribution, description, and representation in that clients, customers, or viewers of the Photograph will be confused as to the true source, sponsorship or affiliation.

77. The misrepresentation of fact by MRIS is intentionally designed to deceive, and has deceived, consumers and customers, subscribers and clients that the Photograph is authorized and licensed for use or otherwise approved by Plaintiff for use by MRIS.

78. As a direct and proximate result of MRIS's affixation of its own copyright notice on the Photograph, the public is likely to be confused as to the origin and source of the Photograph and/or believe that MRIS is licensed by Plaintiff to offer the Photograph when this in fact is not the case.

79. The public is also likely to be confused as to the authorship of the Photograph based on the misattribution by MRIS.

80. MRIS's use of the Photograph constitutes willful and intentional violation of the Lanham Act Section 43(a), including unfair competition.

81. As a direct and proximate result of the willful and wanton conduct of MRIS, Plaintiff has been injured and will continue to suffer commercial harm in this District, the State of Maryland and nationwide due to the pervasive reach of the Internet, in an amount unknown at present and to be determined at trial.

82. As a direct result of the willful misrepresentation by MRIS, Plaintiff is entitled to enhanced damages as provided by law.

83. As a direct and proximate result thereof, Plaintiff is entitled to injunctive relief enjoining and restraining MRIS from use of the Photograph.

84. Plaintiff has no adequate remedy at law due to the irreparable nature of the injury.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Complaint be sustained in Plaintiff's favor;

2. For a judgment that MRIS and/or other Defendants has or have knowingly and willfully infringed Plaintiff's copyright in the Photograph;

3. For a judgment that MRIS and/or other Defendants has or have contributorily infringed, induced infringement, and/or vicariously infringed Plaintiff's copyright in the Photograph;

4. For a judgment that MRIS and/or other Defendants has or have (i) knowingly and willfully altered the Copyright Management Information ("CMI") associated with the Photograph, (ii) knowingly and willfully distributed the Photograph knowing that the CMI had been altered, and (iii) knowingly and willfully produced and distributed false CMI, all with intent to induce, enable, facilitate or conceal the infringement of the Photograph;

5. For an order under 17 U.S.C. §§ 502(a) and 1203(b) enjoining MRIS and other Defendants permanently and during the pendency of this action from directly or indirectly infringing the Photograph or committing violations with respect to the Copyright Management Information, and an order instructing MRIS and other Defendants to inform each of its subscribers to cease all uses of the Photograph. For an order under 15 U.S.C. § 1116 to restrain MRIS and other Defendants from false descriptions or misrepresentations, or other acts of unfair competition, with respect to the Photograph.

6. For an order accounting for all monetary damages to Plaintiff and/or all profits by MRIS and other Defendants, or, alternatively, an award of statutory damages;

7. For an order awarding to Plaintiff all costs and attorney's fees incurred herein;

8. For pre- and post- judgment interest according to law; and

9. For an order awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury for all issues asserted herein that are triable as of right by jury.

Respectfully submitted,

ALAN J. GOLDSTEIN

Date: August 13, 2015

By: **/s/ Jeffrey R. Cohen**
Jeffrey R. Cohen (MD Bar #13869)
Michael S. Culver (pro hac vice to be filed)
Scott J. Major (pro hac vice to be filed)
Attorneys for Plaintiff
Millen, White, Zelano & Branigan, P.C.
2200 Clarendon Blvd., Suite 1400
Phone: (703) 243-6333
Fax:  (703) 243-6410
Email:  major@mwzb.com, culver@mwzb.com
cohen@mwzb.com